So we will now hear argument in Krohn versus Glaser and I believe we are beginning with Mr. Schwartzer. Yes, thank you your honor. My name is Leonard Schwartzer. I represent Shelley Krohn, the bankruptcy trustee appointed in this case. The operative facts are not disputed. Pre-petition the debtors engaged the Geiman Law Firm. Pre-petition the Geiman Law Firm failed to investigate or analyze the 2012 tax debt. Pre-petition the Geiman Law Firm prepared the debtors petition and advised the debtors to file bankruptcy. Pre-petition the Geiman Law Firm arranged for the filing of the bankruptcy petition on October 10, 2016 which turned out to be six days too soon to eliminate or to cause the 2012 tax debt of the debtors to be discharged in bankruptcy. Post-petition the debtors received a discharge and post-petition in 2017 the debtors received a letter from the IRS saying that they still owe the $250,000 tax debt from 2012. Counsel, I have a question sort of analytically in my own mind and I have to preface it by saying that bankruptcy is not my strong suit so I hope this question isn't overly ignorant. We are looking under Nevada law for whether this malpractice claim was pre-petition or post-petition and it seems to me that the malpractice occurs neither pre nor post but at the moment of filing because up until then there's no harm that has come or would necessarily come unless the petition itself is filed. So does when the event is the filing of the petition for itself does that count as post-petition or is this a foolish question? No, it's one of the two key points in this case. There are two circuits that have ruled specifically on that issue. The 11th circuit and the Alvarez case and the 5th circuit in the Wheeler case. Both of them said and we cited them obviously in the briefs and both of them rely on the language of the bankruptcy code. The bankruptcy code provides specifically that the bankruptcy estate is created with all legal and equitable interest of the debtor in property as of the commencement of the case. Not prior to the commencement of the case but as of the commencement of the case and as of the filing that created the damage. So that's post-petition then? No, it's not post-petition, it's as of the filing. The fact the filing was filed six days too soon. So are there three time slots, pre-petition, petition at the moment it happens and post-petition or are there only two categories, pre and post? There really are only two. There's everything as of the commencement of the case which includes the filing and then anything after that is post-petition. Well then you're saying the filing of the petition is pre-petition but that doesn't make sense to me. No, because the statute doesn't say pre-petition. The statute says as of the commencement of the case. The case is commenced by the filing of the petition. Well the question here though, it seems to me we have to figure out which basket to put it in because we have to know under Nevada law whether it became property of the estate post-petition or not. Yes, you are correct. If the damage occurred after the filing of the petition, it would be post-petition and the argument I'm making would not work. Well that's what's confusing me about this because it is not either pre-petition or post-petition. It is the filing of the petition and so that's why I'm asking the question whether there are three categories or two categories because if there are only two, it can't be pre-petition. Well it's not, but you're saying pre-petition and that's why I'm telling you that the Alvarez court, the 11th circuit, very specifically looked at this issue in a malpractice case, illegal malpractice case and it said... But not under Nevada law though. No, but it's the same issue. The same issue because in every state, including the state where the Alvarez case arose, you have to have damage to have a malpractice case. But isn't the problem here, the issue here is was the damage baked in pre-petition? I mean even when the petition was filed six days early, it could have been cured if the council had just said, oh I guess we'll just dismiss this petition and file a new bankruptcy petition seven days later and there would have been no damage. Isn't that sort of what the answer is here? And that's what makes this malpractice claim post-petition instead of pre-petition? No, because now you're saying the damages are contingent. Right. Okay, the fact that the damages are contingent doesn't mean they don't exist. Number two, as I pointed out in the reply brief, dismissal of a voluntarily filed bankruptcy case is only permitted if it doesn't harm the interest of a creditor. And the obvious reason why it could not be dismissed is because, as I stated in the reply brief, is that the IRS would be damaged by dismissal and the later filing. Do you have a case you can cite us for that proposition where some court has passed on that? Yes, Your Honor. It is in the reply brief and the cases we cited in the reply brief include the Sanger Morales case, which is a District of Oregon case, and also the case of Leach v. the United States, which is a Ninth Circuit BAP case. And both of them said, the law in the Ninth Circuit is clear. A voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no legal prejudice to an interested party. And the IRS would be harmed by the dismissal because they would go from being a non-dischargeable debt to a dischargeable debt. I understand that's your argument, but you have no case that actually says the IRS would be prejudiced by a voluntary dismissal. I believe I do, and that would be the Grossman case, which is a Ninth Circuit BAP opinion, and it's on page 8 of the reply brief. And that specifically said, upheld the bankruptcy court's refusal to dismiss a case because the IRS would be prejudiced exactly as we discussed. So there is a Ninth Circuit BAP case. Now it's not a published opinion, but it is a Ninth Circuit bankruptcy appellate panel case exactly on the fact that discharge which harms a creditor, the IRS, is not to be discharged. What's the name of that case? Grossman. I'll be interested in opposing counsel's response on that. Maybe you're right. Okay. Grossman. Basically it says that a debtor doesn't have the option of asking for a second bite of the apple if they screwed up on the first bite. And there's no question here, and we agree with the debtor, that their counsel screwed up on the first bite by filing the petition six days too early. So because of that, and because of the rule stated in the Alvarez in the Eleventh Circuit, and the rule stated in Wheeler in the Fifth Circuit, the fact that the damage was created by the filing makes it property of the bankruptcy estate. Now, of course, the second part of the argument would be that, you know, applying the Siegel factors, the U.S. Supreme Court case, which has been included in our argument, that if most of the elements of the bankruptcy, of the cause of action occurred pre-petition, it could be included in the bankruptcy estate. In particular, I noticed that the BAP opinion made what I consider the obvious mistake, because they kept on saying in the BAP memorandum decision, the common thread among the cases is they all involve payments pursuant to a binding pre-petition contract with well-defined contingency provisions. Okay? Well, in this case, there is a pre-petition contract. The debtor is an attorney. It's not a written contract as far as I know, but when you hire an attorney, you have a contract with that attorney for him to do competent work. See, again, that brings me back to my problem, which is that up until the filing of the petition, there is no malpractice that would cause damage. There may have been ignorance, but if the thing had been filed a week later, ignorance wouldn't have mattered. It would have been fine. So, pre-petition, there seems to be no damage or even necessary possibility of damage up until the filing itself. Well, obviously, there was damage, and the question is, did the damage occur on the odds of filing is one, and that's applying Alvarez and Wheeler, or number two, under Siegel, if most of the damages and most of the case relate back to the pre-bankruptcy errors, then under Siegel, you could still find it. I'd like to reserve a couple of minutes. If you have more questions, of course, I'll be happy to answer it. You may reserve and hire for Mr. Bailey. Thank you, Your Honors. Good morning. Can you hear me okay? Yes. Yes. I can. I think we all can. Thank you. Just want to make sure. Okay. A couple things being missed in the arguments by the appellant. The party seeking to include property in the estate bears the burden of showing that the item is property of the estate. Appellant, a trustee herein, have, you know, ignored Nevada law on this. Basically, the Ninth Circuit has stated, and this is In re Goldstein cited in the briefing, to determine when a cause of action accrues. That's determine when a cause of action accrues, and therefore, whether it accrued pre-bankruptcy and is an estate asset, the court looks to state law. Appellant has failed to address when legal malpractice causes of action accrue under Nevada state law and has failed to meet her burden. In interpreting state law, federal courts are bound by the pronouncements of the state's highest court. Our Nevada Supreme Court has pronounced when legal malpractice cases accrue, whether they're transactional non-litigation legal malpractice or litigation legal malpractice. Either way, it bodes in favor of the debtors herein. Supreme Court, in a transactional non-litigation case, Gonzalez v. Stewart-Title, cited in the briefing, many places for the appellees, Nevada Supreme Court has stated, an action accrues, and this is in a transactional non-litigation context, an action accrues when the litigant discovers or should have discovered the existence of damages, not the exact numerical extent of those damages. In this case, the issue of damages became a reality when the appellants became aware of the drafting defect upon the filing of the lawsuit against them. And that's Gonzalez v. Stewart-Title. That's in the non-litigation context. And what's interesting herein is that the appellants, in their opening brief, on page 17... purposes, and when the cause of action exists. And a cause of action that's complete with all its elements that hasn't been discovered may still not have triggered the statute of limitations, but it would exist for purposes of being property that could be then classified as for purposes of the bankruptcy estate. Isn't that right? Your Honor, I would disagree. The key determination is when the cause of action accrues. And accrual requires what the Nevada Supreme Court states. And, in particular, may or may not, in all of the Nevada cases, require actual loss or damage. Actual loss or damage... I agree with that. I was talking about the knowledge versus the damage. If the damage has occurred, and there's a fully accrued cause of action complete with all of its elements, but you don't know that it exists yet, but you have an injury, then the fact that the statute of limitations is deferred doesn't mean the property doesn't exist. Well, that's not what the Nevada Supreme Court says. They talk about accrual. They can say whatever they want about their own statute of limitations, but that doesn't necessarily mean that they're saying that in terms of what property exists. Well, I believe when you talk about a determination of something that's pre-bankruptcy and accrual, you go with what the Nevada Supreme Court says regarding accrual, and that is when it's discovered and there's actual damages. And when you go into litigation context, also the Nevada Supreme Court has said in the Semenza case, such an action does not accrue until a plaintiff knows or should know. Such a cause of action does not accrue until a plaintiff knows or should have known all the facts relevant to foregoing elements, and damages has been sustained. So, counsel, if I understand your response, it is maybe Nevada law is really different from other states' laws in defining accrual by discovery, which is quite rare, I think. But if I understand your answer, it may be rare, but it's Nevada and that's all that counts. Is that your position? I believe that is the linchpin of this. That's what Nevada Supreme Court says on accrual. I mean, whether it's different or not, but that's what we're bound by here. And furthermore, NRS 11.010 cited in the briefing states, civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued. We specifically said in Cusano that the accrual of a claim for statute of limitations purposes may be different than for purposes of bankruptcy. It may be different from, quote, accrual has occurred for purposes of ownership in a bankruptcy proceeding. So I think the relevant question really is injury. And you pointed to Gonzales. Doesn't Gonzales say that in this sort of context that having to consult an attorney to fix the problem counts as injury? Well, I guess what Gonzales said really was when they were sued, that's when they had the damage. I think that's what Gonzales says. No, it says appellants in this case suffered harm and discovered or should have discovered the cause of action on the date respondents filed their lawsuit. It was at that time that appellants had to hire an attorney to defend against the suit. So that's the injury they identified. Once this petition was filed, it was never going to be fixed without an attorney's involvement, even if it was just to get the thing dismissed perhaps over the government's objection. So the injury was baked into this the moment this was filed in the Gonzales sense. Am I wrong? I disagree. I mean, we have a number of different things. We have Coppico v. Young that basically states that until you have actual damage or loss, you don't have a cause of action there. And in essence, statute of limitations in Coppico v. Young was waivable. And the same thing here. The IRS could have not went and collected on this, could have not done anything on that. It could have slipped through the rugs there. It's premature to sue under Nevada law, under the case law, until... Castle, I have another question in the same line of thought. On page 10 of the BAP opinion, which is at transcript 1272, they discuss that debtors did not suffer any damages from the alleged malpractice before or even contemporaneous with their filing. After the filing, Ms. Diamond could have moved to dismiss, et cetera. So is that realistic? Could this have been dismissed before the discharge and refiled more or less as a matter of right? If not, I have more concern about it. Well, yes, they could. And I will assert that Appellant's new argument regarding that, they waived that basically. Appellant conceded in the bankruptcy court that Attorney Diamond could have remedied it by dismissing it prior to discharge. And she cannot now take the contrary position. That's cited in our briefing. Campbell, Stein, and Burrell and other citations in there. At ECF 14-2, page 85 of the transcript, the trustee conceded that it could have been dismissed and fixed. They can't now in a reply or at some point now bring up a contradictory position. They've already conceded that. Mr. Schwartz has cited this Grossman BAP decision. Is that controlling? I don't believe that's controlling. And furthermore, pursuant to a Smith v. Marsh 194 Federal 3rd 1045 at 1052, something raised for the first time in a reply brief here in the ninth circuit is deemed waived. It was not raised before until now. Well, as I understood it, and perhaps Mr. Schwartz can correct me on rebuttal, but I understood that Grossman is a non-published decision of the BAP and therefore not presidential. So it's kind of on equal footing with this case in that sense. Is that your understanding as well? I believe even more important is, I agree with that, but also the cases cited in the reply for the first time, they're the opposite of what we have here. They were reviewing a bankruptcy court decision to not dismiss. Herein, the bankruptcy court judge agreed that in the holding and found that Guyman failed to dismiss and refile. So we have the opposite herein, and I cited too where that's in the transcript there. We have a situation where this is an abuse of discretion standard for the trial court, and our judge in this case that was handling the case said she could have refiled it and dismissed, and that would be subject to abuse of discretion. All the cases unleashed in these other cases were the other way around, where it was a review for abuse of discretion standard on the trial court's denial of a dismissal of a bankruptcy petition, which is the reverse. So a lot of those cases don't have a solid basis on what we have here because that was reviewing abuse of discretion for an actual denial, not the granting of a dismissal like we had in this situation, which the judge indicated in the holding. So it's the opposite situation here, and abuse of discretion, that's the standard on that. So they just found that the district court, in refusing to dismiss the bankruptcy petition, didn't abuse the discretion. That doesn't mean in the opposite situation we have here, where the bankruptcy court would have dismissed and allowed a refile, that's the opposite, and anything beyond that in those leach decisions is dicta, because that's not the factual pattern that was in those cases. I hope I answered your question. So your bottom line position is, I gather, that the cause of action for the malpractice didn't accrue until after the petition for bankruptcy was filed, and therefore it doesn't become an asset of the bankruptcy estate. Ultimately, yes, but also our NYSERDA has said that, in Ray Goldstein's paragraph, that it has to be established pre-bankruptcy, and pre-bankruptcy didn't happen here. And also, to determine when a cause of action accrues, and therefore whether it accrued pre-bankruptcy, and isn't a state asset, the court looks to state law. That's in Ray Goldstein. This did not happen pre-bankruptcy or accrue. And Nevada Supreme Court has over and over said, in Gonzalez, Copico, Semenza, that the accrual requires the actual loss or damage. And accrual is the word used in the Ninth Circuit. And accrual is clearly, under Nevada Supreme Court, requires the actual loss or damage, not potential or perceived or it could happen. It has to actually happen. You have to actually get garnished. You have to actually have that loss. And it would take a total disregard of the Nevada Supreme Court's decisions to reverse the decision in this case. It would have to be totally ignored. Just following up a little bit on what Judge Collins asked you, though,  as opposed to the actual loss having, in fact, occurred earlier. Or every one of those in terms of when the statute of limitations begins to run. I believe there was some overlap with statute of limitations in some of those cases there. But the Cassano case says it may impact that. It doesn't require that. It's just used the word may. And in Nevada, they're one and the same. When you look at NRS 11.010 in these cases, accrual is one and the same there. And it doesn't have to be separated out. Cassano just used the word may. It doesn't mean it is. Maybe Nevada is peculiar in this. Either way, that's what the Nevada Supreme Court says. I understand that you argue in your brief that the Siegel case is no longer good law, though I don't think it's been ever formally overruled by the Supreme Court. If Siegel is still good law, how do you get around it? I still think the sufficiently rooted, it is kind of bizarre. If an attorney says to a client, your statute of limitations for your case is three years. It tells them five times, statute of limitations is three years. But on the evening of the two years running as an actual two year, he scrambles together and files the lawsuit and saves the day. That pre-bankruptcy improper advice of saying it's three years, that's nothing. It's a nullity. There's nothing to that. Same with if somebody, an attorney, makes wrong advice on something. That is not, in essence, any damage or loss. It's not there. There's no cause of action for giving wrong advice unless it comes to fruition and you suffer actual loss or damages. But Siegel seems to be particularly relevant here if the injury was baked in on the moment of filing but had not yet technically occurred but was inevitable. Siegel might suggest that that would be viewed as rooted in the at least moment of partition passed and therefore tip the scale against you. That's what I'm concerned about at Siegel. Well, it talks about the pre-bankruptcy passed at Siegel. It talks about pre-bankruptcy and that would not apply. I mean, you're changing over to as of the commencement, which is different than what Siegel says. Thank you, counsel. Counsel, you have exceeded your time and we will hear a rebuttal now from Mr. Schwartzer. Thank you. Mr. Schwartzer, I think he's frozen. Kwame, can you adjust this? We are not hearing him or seeing him in real time. We've muted the stream. I'll give him a call. Okay. See if we can bring him back to life here. I hope so. I can hear you, but you can't hear me, I take it. Oh, I'm hearing you. We can hear you now. You can hear me. Let me see if I can get the camera working again. Oops, now you're gone. Oh, dear. I think I may have to go out of the system and come back in. This is up to Kwame. I don't know a thing about this. Your Honor, can you hear me? Yes. If you want, I could use my two and a half minutes with that video or I could come back in. That's fine. I don't object to that.  That will work fine, Judge. Okay, let's continue then with you just audibly. Thank you. In this case, it looks like the appellees are asking this court to ignore Siegel and the sufficiently rooted test, which would create a conflict with other circuits and would be a reversal of prior Ninth Circuit rulings. So we have to assume that Siegel is still good law. Counsel, could I ask you a question, though, that's of concern to me that's really almost a factual determination by both the bankruptcy court and the BAP, because both of them said that no damages were baked in at the time of the filing of the petition, that all damages could have been avoided if there had been a dismissal and refiling. The bankruptcy court said that at pages 22 and 23 of its opinion, and the BAP said it at page 10 of its opinion. So there were not only no damages but no inevitable damages. So what's your response to that, which doesn't really call into question Siegel or any other sort of fancy analytical questions. It's almost a factual determination. I agree, and that is an error, is the fact that a contingent asset is still an asset of the bankruptcy estate. If I have a lottery ticket, if my number's not called, I'm not going to win. But if I had that lottery ticket as of the filing of the petition, and two days later that number's chosen, it's property of the bankruptcy estate. What the argument is being made is that the negative contingency takes it out of the bankruptcy estate. No, I think they're saying factually there was no damage at the time of the filing, because damage could have been avoided entirely. And so that really isn't the same as your lottery example. And if that is factually correct, it seems to me to get around really all of these more esoteric arguments. Well, the answer is, if an asset is an asset of the bankruptcy estate, if it comes to be worth more as a result of a contingency, you're saying the negative is the opposite result. In other words, if I am liable to the IRS for $250,000, but if I do two or three things afterwards, I'm no longer liable to the IRS, that doesn't change the fact that as of the filing of the petition, the debtors were liable to the IRS for $250,000. Can I also ask you, would the attorney's fees to file the motion to dismiss the improperly filed petition have been cognizable damage under Gonzales? Yes. Short answer, yes. But that would not have arisen until the time post-petition that that action was taken. In the other case, the attorney's fees weren't required until the lawsuit was perfected. Yes, but the fact that the attorney's fees had to be incurred came into existence... That assumes that the lawyer would have charged, which is not necessarily correct either. You're saying that if an attorney waives their fees, that means that there's no damage? Well, that would mean there's no damage. If she had said, I'm sorry, I made a mistake here, let me fix it, there won't be a charge to you. That is not uncommon, I think. Well, that's true, but then you're saying that if I commit malpractice and then I undo the malpractice, the malpractice has disappeared. Well, it disappears as a legally cognizable cause of action if there's no damage. That's like saying that if the IRS never caught on and never realized that they were owed $250,000, there's no damage. That would be true if the statute of limitations ran on it. Does that mean if you commit malpractice and the statute of limitations runs on malpractice, there's no malpractice? No, what I'm asking you is if there's an event of lawyer negligence that doesn't result in any actual financial damage, does it become a viable claim for legal malpractice, or is it merely negligence that's interesting to know about, but it doesn't ever accrue as a cause of action if there is no actual financial damage that results? If somebody commits legal malpractice, which causes damages, you're asking as if they go back to court and get it reversed. No, that's not my question. I understand that's how you want to reframe it. My question is if a lawyer acts negligently but no financial damage ever occurs. That's true. You're correct that if there's no damages, there's no cause of action. I agree with that, but in this case, the situation was as of the six-day early filing of the petition, the debtors became liable to the IRS for $250,000 that was not dischargeable in their bankruptcy case. In the end, that's what wound up being true. I think we understand your position. That's why it doesn't change. Thank you, counsel. I think I've used up all my time. And then some. You're about four and a half minutes over, but we appreciate your answering our questions, which is helpful. I think we understand both counsels' positions, and we thank you both for very helpful arguments. The case just argued is submitted, and that marks the end of this morning's docket. This Court for this session stands adjourned.
judges: Gilman, Graber, Collins